1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DEMETRIO MIGUEL SOSA,                          CASE NO. 09cv2369 DMS
                                                    (Associated criminal case: 08cr3221
12                              Petitioner,          DMS )

13        vs.                                       **ORDER DENYING
                                                    DEFENDANT'S MOTION FOR
14                                                  REDUCTION OF SENTENCE
                                                    PURSUANT TO 28 U.S.C. § 2255**
15   UNITED STATES OF AMERICA,
                                                    [Doc. 31]
16                              Respondent.

17

18        On October 23, 2008, Petitioner Demetrio Miguel Sosa pled guilty to one count of importation

19   of methamphetamine in violation of 21 U.S.C. §§ 952 & 960.  This Court sentenced Petitioner on

20   February 13, 2009. On October 23, 2009, Petitioner filed the present motion for reduction of sentence

21   pursuant to 28 U.S.C. § 2255.  The Government has filed a response to the motion, and Petitioner has

22   filed a reply.  After reviewing the motion, opposition, reply, and all supporting documents and the

23   record on file herein, the Court denies the motion.

24        Petitioner is "dissatisfied with his sentence" and contends he did not receive a two level

25   reduction from his base offense level.  However, when Petitioner pled guilty in exchange for a lower

26   sentence, he waived his right to collaterally attack his sentence.  (*See* Docket No. 19 at 11.)  Such

27   waiver bars Petitioner's claim under § 2255. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.

28   1993).

1    Plaintiff further contends he received ineffective assistance of counsel because his attorney

2    failed to file a Notice of Appeal. The waiver does not necessarily bar his ineffective assistance of

3    counsel claim. *Abarta*, 985 F.2d at 1014.   Generally, however, an ineffective assistance claim

4    survives waiver "only when the claimed assistance directly affected the validity of that waiver or the

5    plea itself." *See United States v. White*, 307 F.3d 336, 3443 (5th Cir. 2002).  Here, Petitioner does not

6    contend the waiver was invalid.[1]

7    Morever, a Section 2255 motion alleging ineffective assistance of counsel must show: (1)

8    Petitioner's counsel's performance "fell below an objective standard of reasonableness" guaranteed

9    by the United States Constitution, and (2) there is a "reasonable probability" that Petitioner was

10    prejudiced as a result of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

11    Petitioner cannot meet this standard.  His counsel's failure to file a Notice of Appeal is not objectively

12    unreasonable because Petitioner was not entitled to appeal under the plea agreement.  Accordingly,

13    Petitioner's motion is denied.[2]

14        **IT IS SO ORDERED.**

15    DATED:  August 25, 2010

16    _____

17        HON. DANA M. SABRAW
           United States District Judge
18

19

20

21

22

23

24

25    _____

26        [1] In Petitioner's answer to the Government's opposition, Petitioner for the first time contends
       the waiver was not knowing and voluntary.  Because this argument was not included in the motion,
       the Court does not consider it here. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A
27    Traverse is not the proper pleading to raise additional grounds for relief.").

28        [2] Petitioner's motion to compel Petitioner's prior counsel to provide information to this Court
       is denied.  (Doc. 41.)